***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted March 22, affirmed April 19, 2023

In the Matter of S. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

S. B.,
*Respondent,*

*v.*

S. A. B.,
*Appellant.*

Coos County Circuit Court
20JU03356; A179655

Megan Jacquot, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Inge D. Wells, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Ginger Fitch and Youth, Rights & Justice filed the brief for respondent child.

Before Tookey, Presiding Judge, and Egan, Judge, and Kistler, Senior Judge.

KISTLER, S. J.

Affirmed.

**KISTLER, S. J.**

In this juvenile dependency case, father appeals a judgment changing the permanency plan for his three-year-old child, S, from reunification to adoption. On appeal, father raises three assignments of error. First, he asserts that the juvenile court erred "in ruling that the department's reunification efforts qualified as reasonable." Second, he asserts that the juvenile court erred "in ruling that father's progress did not qualify as sufficient." Third, he asserts that the juvenile court erred "in changing [S]'s permanency plan from reunification to adoption." We affirm.

We are "bound by the juvenile court's factual findings as to what efforts" Department of Human Services (DHS) has made, "so long as there is any evidence in the record to support them," but the ultimate determination whether DHS made "reasonable efforts" is a legal conclusion that we review for errors of law. *Dept. of Human Services v. K. G. T.*, 306 Or App 368, 370, 473 P3d 131 (2020) (findings); *Dept. of Human Services v. V. A. R.*, 301 Or App 565, 567, 456 P3d 681 (2019) (reasonable-efforts determination). The determination of the sufficiency of a parent's progress also is a legal conclusion that we review for errors of law. *Dept. of Human Services v. G. N.*, 263 Or App 287, 294, 328 P3d 728, *rev den*, 356 Or 638 (2014).[1]

"Both DHS's efforts and a parent's progress are evaluated by reference to the facts that formed the bases for juvenile court jurisdiction." *Dept. of Human Services v. N. T.*, 247 Or App 706, 715, 271 P3d 143 (2012). "DHS's efforts are evaluated over the entire duration of the case, with an emphasis on a period before the hearing sufficient in length to afford a good opportunity to assess parental progress." *Dept. of Human Services v. S. M. H.*, 283 Or App 295, 306, 388 P3d 1204 (2017) (internal quotation marks omitted). "In deciding whether to change the permanency plan away from reunification, the juvenile court must treat

---

[1] In its answering brief, DHS argues that father's claims of error are unpreserved, while child argues that the only preserved argument father makes "is that he needs more time because of the March 2022 amendments to the jurisdictional grounds." We conclude that father's arguments are sufficiently preserved for appellate review.

the child's health and safety as paramount concerns." *Id.* at 305 (internal quotation marks and brackets omitted).

We conclude that the juvenile court did not err in its reasonable efforts conclusion, in its conclusion that father's progress was insufficient, or in changing the plan for S from reunification to adoption. At the time of the permanency hearing, S had been in substitute care for approximately 800 days, essentially his entire life. During that time, DHS had worked closely with father to improve what he admitted were his deficient parenting knowledge and skills. DHS provided father with, among other resources, parenting coaches, a gym membership to allow visits with S in a safe environment near father's home, ample opportunity for visitation with S, dumpsters so that father could remove the refuse from his home and thus provide S with a safer environment, transportation assistance, phones, and an alarm clock. Despite DHS's efforts, father failed to meaningfully engage with the necessary services DHS offered and did not take the steps required to gain the knowledge and skills necessary to be a safe parent to S.

Father argues that he should be given more time to meet the additional jurisdictional ground that was added four months before the juvenile court changed the permanency plan to adoption. But that jurisdictional ground only clarified what was already apparent; namely, that S has special needs. If father's parenting skills were insufficient to meet S's needs initially, formal recognition of the heightened nature of those needs only increased the necessity for father to consistently engage with S's medical service providers to learn how to safely serve as S's parent. That was something father needed to do in order to ameliorate the original basis for jurisdiction as well, and father failed to do so.

Viewing "the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition," we conclude the record "was legally sufficient to permit the juvenile court's change to the permanency plan." *S. M. H.*, 283 Or App at 297 (internal quotation marks omitted).

Affirmed.